```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ANGELA L. FAUCETT,

                    Plaintiff,                    08-CV-6085T

        V.

MICHAEL ASTRUE
Commissioner of Social Security,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Angela Faucett ("Plaintiff" or "Faucett"), brings this action pursuant to Title II of the Social Security Act, codified at 42 U.S.C. §§ 405(g) and 1383(c)(3) claiming that the Commissioner of Social Security improperly denied her application for disability benefits. Specifically, Plaintiff alleges that the Commissioner's decision to deny benefits is not supported by substantial evidence, and correct legal standards were not applied. Faucett argues that the decision of the Administrative Law Judge ("ALJ") improperly discounted the opinions of the Plaintiff's treating physicians and improperly concluded that she had retained the residual capacity to perform work in the economy.

The Commissioner moves for judgement on the pleadings on grounds that the ALJ's decision was correct and was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. For the reasons set forth

below, the court finds that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. Accordingly, the Commissioner's motion for judgment on the pleadings is hereby granted, and the Plaintiff's motion for judgment on the pleadings is denied.

## BACKGROUND

On January 13, 2004, Plaintiff applied for supplemental security income benefits. Plaintiff, at that time, was an unemployed 24 year-old mother of two claiming a disability resulting from depression, anxiety, panic attacks, and agoraphobia. Plaintiff's application was denied, and she requested an administrative hearing. An administrative hearing was scheduled before ALJ Jasper Beade on December 15, 2004, but the hearing was adjourned so that the Plaintiff could obtain representation. The Plaintiff returned with an attorney present on September 9, 2005 and ALJ Beade considered the case de novo. In a written decision dated October 6, 2005 the ALJ found that the claimant was not disabled. Plaintiff then requested a review of ALJ Beade's decision which was granted by the Appeals Council. The Appeals Council vacated ALJ Beade's decision after finding that his decision did not satisfy the regulatory requirements with respect to evaluating claimant's subjective complaints in terms of pertinent factors set forth in 20 C.F.R. 416.929. Also, further contact with the treating psychiatrist was warranted to clarify

his opinions regarding the Plaintiff's ability to perform work-related functions. The case was then remanded for a new hearing. An administrative hearing was held on May 23, 2007 before ALJ Elizabeth W. Koennecke, at which plaintiff appeared with her attorney. ALJ Koennecke heard the case de novo and on June 27, 2007 held that the Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on December 28, 2007. Subsequently this action followed.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Metropolitan Stevedore Co. V. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Section 405(g) thus limits this court's scope of review to two inquiries: (i) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, and

(ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003).

Pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure, the Plaintiff and the defendant both move for judgment on the pleadings.  Section 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.S. § 405 (g) (2007).  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**II.  Standard for Entitlement to Social Security Benefits**

Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months..." 42 U.S.C. §423(d)(1)(A) (concerning Old-Age, Survivors', and Disability Insurance ("OASDI")); 42 U.S.C. § 1382c(a)(3)(A)(2004) (concerning SSI payments). An individual will only be considered "under a disability" if her impairment is so severe that she is both unable to do her previous work and unable to engage in any other kind of substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A) and 1382c(a)(3)(B).

"Substantial gainful work" is defined as "work that exists in significant numbers either in the region where the individual lives or in several regions of the country." Id.  Work may be considered "substantial" even if it is done on a part-time basis, if less money is earned, or if work responsibilities are lessened from previous employment.  20 C.F.R. § 404.1572(a) (OASDI); 20 C.F.R. § 416.972(a) (SSI).  Work may be considered "gainful" if it is the kind of work usually done for pay or profit, whether or not a profit is realized. §§ 404.1572 (b) and 416.972 (b). Furthermore, "substantial gainful work" is considered available to an individual regardless of whether such work exists for her, or whether she would be hired if she were to apply for work.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

When a claimant requests a Social Security disability hearing before an ALJ, Social Security Administration's regulations require the ALJ to perform the following five-step sequential evaluation:

(I)   if the claimant is performing substantial gainful work, she is not disabled;

(II)  if the claimant is not performing substantial gainful work, her impairment(s) must be "severe" before she can be found to be disabled;

(III) if the claimant is not performing substantial gainful work that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry;

(IV)  if the claimant's impairment or impairments do not prevent her from doing her past relevant work, she is not disabled;

(V)   even if the claimant's impairment or impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

20 C.F.R. §§ 404.1520(a) (4) (I)-(v) and 416.920(a) (4) (I)-(v).

**III. The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in her decision found that Plaintiff was not disabled within the meaning of the Social Security Act.  In doing so, the ALJ adhered to the Social Security Administration's five-step sequential evaluation analysis for evaluating appointments for disability benefits.  Under step one of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since January 1, 1999, the alleged onset date of her disability. At step two and three, the ALJ concluded that Plaintiff's impairments, such as depression, anxiety and agoraphobia, were severe within the meaning of the Regulations, but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P or Regulations No. 4, specifically with reference to listed impairment 12.06 "anxiety related disorders."

Further, at steps four and five, the ALJ concluded that Plaintiff had no exertional limitations, and she retained the ability (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations, and to deal with changes in a routine work setting. Although the ALJ concluded that the Plaintiff is limited to work settings in which she has minimal contact with co-workers and the general public, the ALJ determined that the Plaintiff retained the functional capacity to perform work. The ALJ properly considered the claimant's age, education, work experience, and residual functional capacity, in determining that there were jobs that existed in significant numbers in the national economy that the claimant could perform.

Based on the entire record, including the medical evidence in the record, I find that the ALJ properly concluded that Faucett was not disabled within the meaning of the Social Security Act.

## The ALJ's decision properly applied the treating physician rule.

The Plaintiff was seen by Kyung Chun, M.D., a psychiatrist, at Family Services of Chemung County on May 6, 1999 but her case was closed after she failed to attend three appointments. Thereafter, her case was reopened, and Dr. Chun began treating Plaintiff from June 2000 through October 2006. Dr. Chun diagnosed Plaintiff with Depressive Disorder, NOS and Anxiety Disorder, NOS. Plaintiff agreed to meet with Dr. Chun for 15 minute intervals once a month and her therapist, Peter Cully, RWC for 30 minute appointments once a month.

On November 14, 2006 Dr. Chun signed a mental residual functional capacity assessment which stated that Plaintiff had problems coping with stress, was unable to work effectively with others, and that she would not be capable of maintaining gainful employment on a full-time basis of eight hours a day, for five days a week. The assessment form also indicated that Plaintiff was incapable of performing most occupational tasks. Clinical treating notes, along with consultative opinions, found the Plaintiff to have only moderate limitations and a generally good response to treatment. Plaintiff's treating history, however, is not consistent with the severity of the limitations as suggested by Dr. Chun's assessment.

The ALJ properly determined that the assessment provided by Dr. Chun could be given little evidentiary weight. Plaintiff

argues that the treating psychiatrist's opinion should be binding and should be entitled to some extra weight because of the psychiatrist's familiarity with the Plaintiff's medical condition as opposed to the opinion of a consultative examiner.  The ALJ must consider certain factors when determining the amount of weight to give a treating physician's opinion, such as (1) how long and how often the treating physician treated the claimant; (2) the extent and nature of the relationship; (3) relevant evidentiary support; (4) consistency of the opinion in its entirety; (5) the physician's specialization; (6) and factors brought to the ALJ's attention by the claimant or other medically acceptable sources.  20 C.F.R. §404.1527(d)(2).  If these factors can not be established to show that the physician's opinion be given controlling weight, then it should be considered but not completely disregarded.  S.S.R. 96-2p (1996).

In the instant case, the record reveals that while Dr. Chun's opinion was entitled to consideration, it was not entitles to controlling weight. According to 20 C.F.R. §404.1527(d)(2)(i), the more frequently a plaintiff is seen by a treating source, the more weight can be granted to that treating source's opinion. In this case, Dr. Chun, a specialized psychiatrist, prescribed a treatment plan in which he would meet for 15 minutes with the Plaintiff on a monthly basis.  According to the record, however, the Plaintiff failed to keep the majority of her appointments with Dr. Chun.  In

2003, Plaintiff missed five appointments out of eight scheduled appointments with Dr. Chun. In 2004, she missed all five scheduled appointments with Dr. Chun. In 2005, she again missed five appointments out of eight appointments. In 2006, she missed two appointments and kept four. In many instances, Plaintiff would miss her appointments without calling to reschedule. Moreover, Dr. Chun did not submit any notes of his treatment, counseling, or medical management through 2005, and there were no treatment notes or record of medications prescribed after his session with the Plaintiff on October 13, 2003. Because Dr. Chun met with Plaintiff on an infrequent basis, in which Plaintiff missed more appointments than she kept throughout the course of her treatment, I find that the ALJ properly determined that Dr. Chun's opinion was not entitled to controlling weight.

The regulations provide that greater weight will be granted to the treating physicians opinion if the physician has given claimant extensive examinations and testing throughout the course of treatment. 20 C.F.R. §404.1527(d)(2)(ii). However, the record reveals that Dr. Chun did not perform testing or special examinations throughout his treatment of the Plaintiff. Rather, Plaintiff's short sessions with Dr. Chun were used merely to determine how her prescribed medications were working or whether the dosage or medication needed to be adjusted.

Dr. Chun's assessment of Plaintiff is not supported by the information provided in the medical record and therefore, should not be given controlling weight. Generally, the opinion of a treating physician is given greater weight than that of a consulting physician, because the treating physician has observed the patient over a longer period of time and is able to give a more detailed picture of the claimant's medical history. 20 C.F.R. §§416.1527(d)(2). However, a treating physician's opinion should only be given more weight than a consultative examiner's opinion if the opinion is not inconsistent with the medical record. 20 C.F.R. §416.1527 (d)(2)(iv). In the present case, a comparison was made between the notes of Mr. Cully, the therapist, and Dr. Chun, which were then compared to Dr. Chun's assessment form. Mr. Cully's notes and the notes provided from the Plaintiff's sessions with Dr. Chun do not show most of the symptoms listed on the assessment form. Furthermore, Dr. Chun and Mr. Cully noted at different times throughout Plaintiff's course of treatment that, while on medication, she did not appear depressed or anxious.

The factors listed in 20 C.F.R. §404.1527, could not be established in this case, therefore, Dr. Chun's opinion should be considered but not afforded the weight to be the determining factor of Plaintiff's disability. The ALJ based her decision on the totality of Plaintiff's treatment history and properly evaluated the weight to be given to Dr. Chun's opinion, the consultative

examiner's opinion, and therapist Mr. Cully's opinion. In doing so, I find that the ALJ correctly applied the factors listed in 20 C.F.R. § 404.1527 in determining that Dr. Chun's assessment of the Plaintiff was not entitled to controlling weight.

## **CONCLUSION**

I find that the ALJ properly determined that the Plaintiff is not disabled within the meaning of the Act. I, therefore, grant defendant's motion for judgment on the pleadings, and deny Plaintiff's cross motion for judgment on the pleadings. Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                  s/Michael A. Telesca
                                    MICHAEL A. TELESCA
                                United States District Judge

Dated:   Rochester, New York
        January 30, 2009